IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Brooke Shepard-Eisenhower,<br><br>   Plaintiff,<br> v.<br><br>South Carolina Highway Patrol<br><br>   Defendant. | Case No. 2:22-cv-01206-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that Defendant's motion to dismiss (Dkt. No. 39) be granted. (Dkt. No. 41). Plaintiff did not file an objection to the R & R. For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses this action.

**I. Background**

Plaintiff alleges she was unlawfully detained and arrested for a DUI. (Dkt. No. 1-1 at 8). Plaintiff brings claims for assault and battery; malicious prosecution; negligent hiring, training, and supervision; wrongful detention; intentional infliction of emotional distress; negligence/gross negligence; and violation of her constitutional rights under § 1983. (*Id.*)

Shortly after this action was removed to this Court, Defendant Dorchester County filed a motion to dismiss. (Dkt. No. 5). Plaintiff never filed a response to that motion, which was eventually granted by the Court. (Dkt. No. 9).

The parties moved to amend the scheduling order multiple times due to "the ongoing serious medical condition of Plaintiff's counsel." (Dkt. Nos. 14, 16, and 18). Following these extensions, the Court, upon a joint motion from the parties, entered a 90 day stay. (Dkt. No. 24). In the order granting the stay, the Court requested monthly status reports. (*Id.*). Plaintiff's counsel did not file anything with the Court during the stay. The Court lifted the stay and entered a Fourth

Amended Scheduling Order. (Dkt. Nos. 36, 37, and 38). The Court further ordered a status report advising the Court on the status of discovery and whether Defendant's counsel has communicated with Plaintiff's counsel. (Dkt. No. 36). The Court also indicated that it would entertain arguments for dismissal under Rule 41. (*Id.*).

Defendant filed a motion dismiss based on Plaintiff's counsel's failure "to complete discovery and/or communicate regarding this case during and since the stay of the case was lifted." (Dkt. No. 39 at 3). Plaintiff failed to respond to that motion.

The Magistrate Judge issued an R & R recommending the Court grant Defendant's motion and dismiss Plaintiff's case with prejudice. (Dkt. No. 41 at 7). Plaintiff did not file any objections to the R & R. The matter is now ripe for the Court's review.

## II.    Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not

required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

**III.   Discussion**

The Court agrees with the Magistrate Judge's recommendation that this action be dismissed with prejudice pursuant to Rules 37(b) and 41(b) of Federal Rules of Civil Procedure. The standards for dismissal under Rule 37(b) and Rule 41 are "virtually the same" *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400 (4th Cir. 1994). Accordingly, to determine whether this action should be dismissed for Plaintiff's failure to comply with discovery requests and the Court's orders, the Court must consider (1) whether Plaintiff acted in bad faith; (2) the amount of prejudice Plaintiff's noncompliance caused Defendants; (3) the need for deterrence of the sort of noncompliance exhibited by Plaintiff; (4) the effectiveness of less drastic sanctions; and (5) whether Plaintiff has a history of deliberately proceeding in a dilatory fashion. *Cooper v. Spartanburg Sch. Dist. 7.*, No. 15-cv-03072-JMC-JDA, 2017 WL 9289401, at *4 (D.S.C. Feb. 24, 2017), *adopted by*, 2017 WL 4021084 (D.S.C. Sept. 12, 2017).

The Magistrate Judge applied this test in the R & R and Court agrees with the Magistrate Judge's analysis: Plaintiff is personally responsible by not appearing for her deposition; Plaintiff can be held responsible for her attorney's conduct; the docket shows a history of deliberately proceeding in a dilatory fashion; this conduct has prejudiced the Defendant's ability to defend this action; and no sanction other than dismissal exists because Plaintiff has failed to respond to numerous mailings, emails, and orders.

Accordingly, the Court adopts the R & R as the order of the Court.

## IV. Conclusion

After careful review of the record, the Magistrate Judge's R & R, and the applicable law, the Court **ADOPTS** the R & R (Dkt. No. 41) as the ORDER of the Court. Accordingly, the Court **GRANTS** Defendant's motion to dismiss (Dkt. No. 39) and **DISMISSES** this action **WITH PREJUDICE**.

                         s/ Richard Mark Gergel
                         Richard Mark Gergel
                         United States District Judge

February 14, 2024
Charleston, South Carolina